IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 74,940






EX PARTE TOMMY HEATH, JR., Applicant






ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM POTTER COUNTY






 Per Curiam.


O P I N I O N 




 This is a post-conviction application for a writ of habeas corpus forwarded to this Court
pursuant to Tex. Code Crim. Proc. art. 11.07, § 3, et seq. Applicant was convicted of the
felony offense of robbery, and punishment was assessed at nine years confinement. No direct
appeal was taken.

 Applicant contends that he was denied his right to appeal. Tex. Code Crim. Proc. art.
26.04 (j)(2), requires appointed counsel to "represent the defendant until charges are
dismissed, the defendant is acquitted, appeals are exhausted, or the attorney is relieved of his
duties or replaced by other counsel". The duty to perfect an appeal attaches whether counsel
is appointed or retained. See Ex parte Axel, 757 S.W.2d 369 (Tex. Crim. App. 1988). 
Knowing that Applicant wanted to appeal, counsel had the duty to timely file a motion for new
trial or give timely notice of appeal, unless relieved by the trial court or replaced by other
counsel. The record reflects that counsel erroneously calculated the date for filing a notice
of appeal and motion for new trial, thereby depriving the Applicant of his right to an appeal. 
The Applicant is entitled to an out-of-time appeal.

 Habeas corpus relief is granted and Applicant is granted an out-of-time appeal from his
conviction in cause number 45,316-D from the 320th District Court of Potter County. The
proper remedy in a case such as this is to return Applicant to the point at which he can give
notice of appeal. For purposes of the Texas Rules of Appellate Procedure, all time limits shall
be calculated as if the conviction had been entered on the day that the mandate of this Court
issues. We hold that Applicant, should he desire to prosecute an appeal, must take affirmative
steps to see that notice of appeal is given within thirty days after the mandate of this Court has
issued.

 

DO NOT PUBLISH

DELIVERED: April 28, 2004